ALBANY,
August, 1807.

Havens
v.
Bush.

Judgment reversed.

## Havens *against* Bush.

H. covenanted to do a certain piece of work for 700 dollars, in a certain time, and B. covenanted to pay the $700, one half in cash, and the other half in goods, to be paid as the work progressed, and the whole when the work was done. Work was done, and the half in goods was paid; but B. refused to pay the money, because the work was not done in the manner agreed on. After the time, H. bro't his action for the money; and it was held, that the covenants were independent, and that H. might maintain his action for the money, without averring a performance

THIS was an action of *debt.* The declaration stated that on the 11th *June,* 1805, articles of agreement were made between the plaintiff and defendant, by which the plaintiff, in consideration of the covenants therein after mentioned, to be kept and performed by the defendant, covenanted to work, build, and complete a certain piece of turnpike road, described in the agreement, before the first day of *November* next ensuing: and the defendant, on his part, covenanted to pay the plaintiff "when the said "work was done, in the manner therein mentioned, the "sum of seven hundred dollars, one half thereof in cash, "when the said work was done, and the other half in "goods at the store of *T.* and *P.* in *Oxford,* at the cash "price, to be paid in proportion as the work progresses, "and the whole to be paid when the work is done."— The plaintiff then averred a true performance of the covenants on his part, and that he did the work according to the agreement, before the first of *November,* and protesting that the defendant performed no part of his covenants, averred that he did not pay the plaintiff the 700 dollars in the manner as above stated, whereby an action accrued, &c.

[*]The defendant pleaded, 1st. *Non est factum.* 2d. That the plaintiff did not perform the said work in the manner set forth, &c. 3d. That he paid the plaintiff the 700 dollars, according to the agreement, &c. Issues were taken on these pleas, and the jury found a special verdict, that the deed was the deed of the defendant, &c. but that the plaintiff did not do and perform

the piece of turnpike road, mentioned in the plaintiff's declaration, in all and every respect, according to the said agreement, and before the 1st of *November*, 1805, but that the plaintiff, before that time, worked and laboured on the road, and that the defendant paid the one half of the said 700 dollars in goods, out of the store of *T.* and *P.* at the cash price, in proportion as the work had progressed; but the other half, agreed to be paid in cash, had not been paid to the plaintiff, but whether or not, &c. &c.

Sudam, for the plaintiff, contended, that the covenants were mutual and independent; that where a part of the money is agreed to be paid before the work is done, the completion of the work is not a condition precedent.— He relied on *Seers* v. *Fowler*, ante, p. 272. *Terry* v. *Duntzee*, 2 *Hen. Black.* 389. *Duke of St. Albans* v. *Shore*, 1 *Hen. Black.* 270. and *Boone* v. *Eyre*, ibid, note.*

If the covenants are independent, then there was no necessity for the plaintiff to aver a performance of his part; and the only question is, whether by taking issue on an immaterial averment, the present case is varied from those cited. The averment being immaterial, may be rejected as surplusage. If the court are satisfied that the verdict determines the right, and that substantial justice has been done, or that the case cannot be amended by a repleader, they will give judgment on the verdict, notwithstanding the immaterial matter it contains.†

Gold, contra. In *Seers* v. *Fowler*, and in *Terry* v. *Duntzee*, the party was bound absolutely to pay a part of the money before the work was done. In the present case it was optional with the defendant to pay the whole when the work was completed, or to advance goods, as the work proceeded. In the cases cited, the circumstances that the defendant undertook to pay a part of the

*Margin notes:*

ALBANY, August, 1807.

Haven. v. Bush.

on his part. Where three issues were joined, and one of them was on an immaterial point, and the jury found a special verdict, the court gave judgment for the plaintiff, the merits of the cause being with him.

* See also 1 *Saunders*, 320. note 4.

† 5 *Bac. Ab.* 453. *Pleas & Pleadings*, (M.)*Douglas*, 745. *Cowper*, 510. *Tidd*, 824.

money before the work was done, was considered as evidence that he did not look to the part performance as a condition precedent. But from the terms of the agreement, it is clear that no money was to be paid until the work was finished ; nor were any goods to be delivered, except as the work advanced. It would be unreasonable, therefore, to allow the plaintiff to recover his money, against the intention of the parties, before the work was completed. That such was the intention of the parties, is, moreover, to be inferred, from the plaintiff's having thought it necessary, in his declaration, to aver a performance on his part.

*Per Curiam.* The principle settled in *Seers* v. *Fowler*, decides the case now before the court. If the plaintiff had an election to pay a part, as the work advanced, and before it was finished, yet having made his election, this case then, stands precisely on the same ground as the case of *Seers* v. *Fowler.* As to the unreasonableness or hardship of the doctrine, it may be answered, that it may always be avoided, if parties take proper care in making their contracts. In truth, the supposed hardship will very seldom exist; and in the present case we see no ground for the supposition.(*a*)

Judgment for the plaintiff.

(*a*) See Wilcox v. Ten Eyck, 5 John. Rep. 78. Bennet v. the executors of Pixley, 7 John. Rep. 249.